## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WC6 DOE,<br><br>Plaintiff<br><br>vs.<br><br>THE COUNTY OF MORRIS; MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS; EDWARD ROCHFORD, individually and in his official capacity as Sheriff of the Morris County Sheriff's Office; FRANK CORRENTE, individually and in his official capacity as Undersheriff of the Morris County Sheriff's Office; and JOHN DOES #1-10<br>Defendants. | **CIVIL ACTION**<br><br>**No.:**<br><br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1446 – FEDERAL QUESTION JURISDICTION** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

  Martin Luther King Building
  & U.S. Courthouse
  50 Walnut Street
  Newark, NJ 07102

  **ON NOTICE TO:**

David M. Cedar, Esq.
Gerald Williams, Esq.
Shauna L. Friedman, Esq.
WILLIAMS CEDAR, LLC
8 Kings Highway West, Suite B
Haddonfield, New Jersey 08033
*Attorneys for Plaintiff*

John M. Barbarula, Esq.
Barbarula Law Offices
23 Professional Building
1242 Route 23 North
Butler, NJ 07405
*Attorneys for Edward Rochford*

William G. Johnson, Esq.
Johnson & Johnson
89 Headquarters Plaza
Suite 1425
Morristown, NJ 07960
*Attorneys for Frank Corrente*

**PLEASE TAKE NOTICE** that Defendants, the County Of Morris; Morris County Sheriff's Office and the Bureau of Corrections, represented by Mark J. Semeraro, Esq., and R. Scott Fahrney, Esq., of the Law Firm of DeCotiis, FitzPatrick, Cole & Giblin, LLP; jointly by Defendant, Edward Rochford, represented by John M. Barbarula, Esq., of Barbarula Law Offices; and by Defendant, Frank Corrente, represented by William G. Johnson, Esq., of the law firm of Johnson & Johnson; have this day jointly request that this matter, WC6 DOE v. THE COUNTY OF MORRIS; MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS; EDWARD ROCHFORD, individually and in his official capacity as Sheriff of the Morris County Sheriff's Office; FRANK CORRENTE, individually and in his official capacity as Undersheriff of the Morris County Sheriff's Office; and JOHN DOES #1-10, Docket No. MRS-L-2435-21, from the Morris County Superior Court, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § §1331, and §1446. The grounds for removal are as follows:

## STATEMENT OF THE CASE

1. On November 18, 2021, Plaintiff commenced this action in the Superior Court of New Jersey, County of Morris, under Docket No. MRS-L-2435-21 (the "State Court Action") a true and accurate copy of the Complaint is attached hereto as **Exhibit A**.

2. Defendant, the County Of Morris; Morris County Sheriff's Office and the Bureau of Corrections, was served with a copy of the Summons and Complaint on November 23, 2021.

3. The Complaint purports to be a Federal Civil Rights Claim under 42 U.S.C. §1983. In the Complaint, Plaintiff alleges that she was subjected to violations of due process, cruel and unusual punishment and other Constitutional Rights violations, including sexual abuse, while serving as an inmate at the Morris County Jail.

4. Plaintiffs seek damages including, but not limited to, compensatory damages, medical damages, loss of income, and punitive damages.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C., § 1441(c)

5.  This is a civil action under which this Court has diversity jurisdiction pursuant 28 U.S.C. § 1442, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (c).

6.  The Complaint seeks a cause of action under a Federal Civil Rights Claim pursuant to 42 U.S.C. §1983.  In the Complaint, Plaintiff alleges that she was subjected to violations of due process, cruel and unusual punishment and other Constitutional Rights violations, including sexual abuse, while serving as an inmate at the Morris County Jail.

7.  Plaintiff seek damages for past and future mental anguish, past and future physical pain and suffering, medical expenses, loss of earning capacity, costs of suit, attorneys fees and punitive damages.  Accordingly, it is incontrovertible that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## THE REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.  Because there is a Federal Question pursuant to 42 U.S.C §1441(c), and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the statutory requirements for removal have been satisfied.

9.  Pursuant to 28 U.S.C. §1446(a), Defendant has provided this Court a true and correct copy of all of the process, pleadings, orders, and other documents from the State Court Action in this Notice of Removal.

10. The Notice of Removal has been filed within thirty (30) days of the date that Defendant was served with the summons or the Complaint in this matter.  Removal is therefore timely in accordance with 28 U.S.C. §1446(b).

11. The United States District Court for the District of New Jersey is the federal judicial district embracing this action since all the parties are domiciled in the State of New Jersey.

12. Pursuant to 42 U.S.C. §1446(b)(2), the Defendants jointly file this Notice of Removal, and

as such, consent to the removal of the State Matter, Docket No. MRS-L-2435-21, from the

Morris County Superior Court, to the United States District Court for the District of New

Jersey, pursuant to 28 U.S.C. § §1331, and §1446.

## CONCLUSION

17.     By this Notice of Removal, all Defendants do not waive any objection it may have as

to service, jurisdiction or venue, or any other defenses or objections it may have to this action.

Defendant intends no admission of fact, law or liability by this Notice of Removal, and expressly

reserves all defenses, motions and/or pleas.

> **DeCotiis, FitzPatrick, Cole & Giblin, LLP**
> Attorneys for Defendant the County of Morris, Morris County
> Sheriff's Office and the Bureau of Corrections
>
> By: _____
>         R. Scott Fahrney, Esq.
>         Bar ID: 017182008
>         DeCotiis, FitzPatrick, Cole & Giblin, LLP
>         90 East Halsey Road, Suite 385
>         Parsippany, New Jersey 07054
>         973-585-6254
>         sfahrney@decotiislaw.com

Dated: December 20, 2021

The undersigned hereby consent to the joint filing of a Notice of Removal of this matter to the United

States District Court for the District of New Jersey:

  /s/ John M. Barbarula, Esq.                        /s/ William G. Johnson, Esq.
John M. Barbarula, Esq.                          William G. Johnson, Esq.
Barbarula Law Offices                            Johnson & Johnson
Attorneys for Edward Rochford                    Attorneys for Frank Corrente

Dated: December 20, 2021                         Dated: December 20, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on the date set forth below, I caused the original and a true copy of the Notice of Filing of the Notice of Removal with exhibits to be filed with the Clerk of the United States District Court for the District of New Jersey, via ECF.

I further certify that on the date set forth below, I caused a true copy of the Notice of Removal with exhibits and Notice of Filing of the Notice of Removal from the Morris County Superior Court to be sent via UPS to:

David M. Cedar, Esq.                    John M. Barbarula, Esq.
Gerald Williams, Esq.                   Barbarula Law Offices
Shauna L. Friedman, Esq.                23 Professional Building
WILLIAMS CEDAR, LLC                     1242 Route 23 North
8 Kings Highway West, Suite B           Butler, NJ 07405
Haddonfield, New Jersey 08033           *Attorneys for Edward Rochford*
*Attorneys for Plaintiff*

William G. Johnson, Esq.
Johnson & Johnson
89 Headquarters Plaza
Suite 1467
Morristown, NJ 07960
*Attorneys for Frank Corrente*

I further certify that on the date set forth below, I caused a Notice of Filing of the Notice of Removal and copy of Notice of Removal to be sent via ECF to:

Clerk of the Court
Morris County Superior Court
Washington and Court Streets
Morristown, New Jersey 07962

**DeCotiis, FitzPatrick, Cole & Giblin, LLP**
Attorneys for Defendant the County of Morris, Morris County
Sheriff's Office and the Bureau of Corrections

By: _____
         R. Scott Fahrney, Esq.

Dated: December 20, 2021

# Exhibit A

**WILLIAMS CEDAR, LLC**
**David M. Cedar, Esquire**
Attorney ID#: 024481992
**Gerald J. Williams, Esquire**
Attorney ID#: 006831987
**Shauna L. Friedman, Esquire**
Attorney ID#: 243912017
8 Kings Highway West, Suite B
Haddonfield, NJ 08033
(856) 470-9777
(888) 311-4899 fax
dcedar@williamscedar.com
gwilliams@williamscedar.com
sfriedman@williamscedar.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| WC6 Doe, | : | |
| | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : | MORRIS COUNTY |
| | : | LAW DIVISION |
| v. | : | |
| | : | DOCKET NO.: MRS-L- |
| THE COUNTY OF MORRIS; MORRIS | : | Civil Action |
| COUNTY SHERIFF'S OFFICE, BUREAU | : | |
| OF CORRECTIONS; EDWARD | : | |
| ROCHFORD, individually and in his | : | JURY TRIAL DEMANDED |
| official capacity as Sheriff of the Morris | : | |
| County Sheriff's Office; FRANK | : | |
| CORRENTE, individually and in his | : | |
| official capacity as Warden of the Morris | : | |
| County Correctional Facility and in his | : | |
| Official capacity as Undersheriff of the | : | |
| Morris Couty Sheriff's Office; and JOHN | : | |
| DOES #1-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **COMPLAINT**

Plaintiff WC6 Doe[1], by and through her attorneys, David M. Cedar, Gerald J. Williams, and Shauna L. Friedman, hereby brings this Complaint against Defendants The County of Morris, Morris County Sheriff's Office, Bureau of Correction, Edward Rochford, Frank Corrente, and John Does #1-10 (collectively "Defendants") and alleges as follows.

## INTRODUCTION

1. This case arises out of the sexual abuse and harassment of Plaintiff who was a female inmate at the Morris County Correctional Facility.  Administrators, including Defendants, failed to take proper action to prevent, halt, and/or remedy said conduct in violation of her civil and Constitutional Rights.

2. The New Jersey Legislature passed S477, which permits an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act, or sexual abuse regardless of any statute of limitations provisions from December 1, 2019 until November 30, 2021. Accordingly, the within clams being made here are timely.

## PARTIES

3. Plaintiff WC6 Doe is an adult citizen domiciled at [[REDACTED]].

4. Defendants Morris County ("MC") and Morris County Sheriff's Office, Bureau of Corrections ("MCSO") were and are responsible for the oversight, management, and operations of the Morris County Correctional Facility ("MCCF"), and are

---

[1] "WC6 Doe" has been substituted for Plaintiff's real name in this Complaint, which would otherwise publish important privacy interests of Plaintiff.  Together with the filing of this complaint, Plaintiff files a petition seeking the Court's permission to file an unredacted complaint under seal (with service upon Defendants), and to proceed as "WC6 Doe" in all pretrial procedures.

headquartered at Morris County Courthouse, 56 Washington Street, Morristown,
Morris County, New Jersey 07960.

5.  Defendant Edward Rochford ("Rochford") served as the Sheriff for the Morris
County Sheriff's Office and Bureau of Corrections with a place of business at Morris
County Courthouse, 56 Washington Street, Morristown, Morris County, New Jersey
07960 from approximately 1993 until 2016.  Defendant Rochford currently resides at
23 Leamoor Drive, Morris Plains, Morris County, New Jersey 07950.

6.  Defendant Frank Corrente ("Corrente") served as the Undersheriff for the Morris
County Sheriff's Office and Bureau of Corrections, and as the Warden for the Morris
County Correctional Facility with a place of business at Morris County Courthouse,
56 Washington Street, Morristown, Morris County, New Jersey 07960 and 43 John
Street, Morristown, Morris County, New Jersey 07960, respectively, from
approximately 2003 until 2019.  Defendant Corrente currently resides at 3 Churchill
Drive, Succasunna, Morris County, New Jersey 07876.

7.  Both Rochford and Corrente were officials directly responsible for and involved in
the implementation and/or maintenance of policies at MCCF, including those referred
to herein, and had the requisite authority to implement and/or maintain said policies.

8.  Defendants John Does #1-10 are being sued under fictitious names as Plaintiff does
not know the true names, identities, and capacities of ABC Defendants #1-5, whether
individual, corporate, associate, or otherwise.  When their true names, identities, and
capacities are known to Plaintiff, Plaintiff will seek to amend this Complaint to
identify them.

## FACTS

9.  Defendant Morris County Correctional Facility ("MCCF") was and is a governmental facility operating under the authority of Morris County pursuant to the laws of the State of New Jersey, and is located at 43 John Street, Morristown, Morris County, New Jersey 07960.

10. The Morris County Sherrif's Office Bureau of Corrections, an agency of Morris County, manages the MCCF.

11. The MCCF holds itself out to be "one of the premier jails in the nation" and includes eight housing pods totaling 277 cells with the capacity to house a total of 524 inmates.

12. The eight housing pods are open, self-contained living units which house between 64 and 72 inmates.

13. The MCCF website advises that "[a] corrections officer works within each pod and is in direct control of the inmates housed therein.  This allows for more interaction between officer and inmates which is important because it builds trust and works to avoid incidents."

14. Such an approach has unfortunately also facilitated a pattern and practice in which sexual assault and harassment are prevalent and frequently perpetrated by corrections officers on inmates, with the knowledge and acquiescence of MCCF supervising staff and/or MCSO and/or its administrators and policy makers, including but not limited to Defendants Rochford and Corrente.

15. This pattern and practice developed due to the improper policies and customs implemented and maintained at MCCF by MCSO, and MSCO's failure to take timely and adequate corrective action.

16. The systematic, inappropriate and illegal treatment of Plaintiff and the other women incarcerated at MCCF resulted from a long-standing, prison-wide culture of abuse within the institution, fostered and endorsed by MCSO through overtly discriminatory or facially neutral but discriminatory policies implemented and maintained by the named Defendants.

17. Plaintiff was incarcerated at MCCF from approximately 2008 until 2013

18. When she arrived at MCCF she was only 19 years old.

19. One of the corrections officers assigned to her pod was a 22-year veteran corrections officer named Michael Bell (hereinafter "CO Bell").

20. He quickly developed a special liking of Plaintiff and gave her special attention.

21. He started by making inappropriate comments to her such as "you're so beautiful" and "when am I going to get a chance to be with you".

22. He would often come and open her cell at night to go in and spend time with her, or would instruct her to come out to the "bubble" where inmates are not supposed to be.

23. When he first started showing Plaintiff this attention, it was not overtly sexual in nature.

24. Quickly though, he accelerated the nature of their relationship, and started bringing her contraband such as cigarettes, medication, food and other gifts.

25. CO Bell started to insinuate that Plaintiff owed him something for these favors, and started making sexual advances toward Plaintiff, including making sexual comments, and groping Plaintiff.

26. Initially, he began coming into her cell and touching her buttocks, breasts, and vagina over her clothes, then under her clothes.

27. When she tried to resist his advances, he said she could not do anything about it because she was an inmate and he was a 22 year veteran, so no one would ever believe her over him.

28. CO Bell also relayed that he knew where Plaintiff's family lived which intimated her.

29. Indeed, as a matter of law, CO Bell's power over an inmate such as Plaintiff rendered her unable to give consent to his mistreatment of her.

30. Eventually the touching progressed to oral sex, and then to vaginal intercourse.

31. Plaintiff repeatedly pled for CO Bell to stop, but was intimated by CO Bell who was decades older than Plaintiff, who was only 19 years old at the time.

32. These improper sexual encounters happened so frequently that they were too numerous to keep count of.

33. They occurred so regularly that other inmates and officers knew about the "relationship" and thought nothing special of it.

34. For example, on some occasions, even when CO Bell was assigned to the male unit instead of the female unit, he would still come over to Plaintiff's unit to see her even though he had no legitimate job-related reason to do so.

35. Rumors circulated among inmates and officers about the two of them, including one that claimed that CO Bell had impregnated Plaintiff, which was true.

36. When Plaintiff told CO Bell she thought she was pregnant, he became very angry, hostile, and violent.  He warned her to keep her mouth shut and said that he would take care of it.

37. He started bringing in special drinks for Plaintiff to drink, which apparently were used for abortion in his home country of the Dominican Republic.

38. To ensure that Plaintiff would have a miscarriage, CO Bell punched Plaintiff in the stomach.

39. Due to the combination of mental, physical, and sexual abuse Plaintiff was experiencing, the stress of her criminal trial that was pending, and the stress from the gossip going back and forth about her among all of the inmates and officers, Plaintiff did ultimately suffer a miscarriage.

40. Plaintiff made numerous complaints to the warden, Defendant Corrente, and submitted numerous written complaints about CO Bell's misconduct, all of which went unanswered.

41. The only reason the abusive relationship ended was because CO Bell became the target of a 2010 investigation involving an allegation of witness tampering.

42. During the investigation, a detective from the MCSO internal affairs department came and ripped Plaintiff out of her cell in the middle of the night when she was sleeping, and tore all of her personal belongings apart.

43. Plaintiff was subsequently placed in solitary confinement for approximately 10 months while CO Bell was being charged.

44. Plaintiff would be let out of solitary confinement for about 24 hours, then sent right back to avoid the time limit restraints for keeping inmates in solitary confinement.

45. Defendants was deprived opportunities to shower, and food was often withheld from her.  There were occasions where Defendants would slip empty trays into her cell.

46. Eventually CO Bell committed suicide.

47. Plaintiff submitted an application to get transferred to a different facility for fear of retaliation but this application was denied.

48. As a result, she was forced to undergo terrible retaliatory behaviors by CO Bell's fellow officers, who blamed her for his death.

49. For example, Defendants attempted to manufacture new charges against Plaintiff by calling down another female inmate to the Detective Sheriff's office who Plaintiff previously had a disagreement with to try to get her to provide false testimony against her.  The inmate refused, and reported Defendants' attempts to Plaintiff advising her that even though they had a prior misunderstanding, that she would not lie to harm Plaintiff.

50. Defendants tried to harass anyone connected to Plaintiff, including her family members who were not in the prison.

51. Defendant Corrente personally told Plaintiff that she would be caged in like an animal for the rest of the duration of her stay.

52. Plaintiff was constantly the subject of racial slurs by officers who walked past her cell.

53. Officers would frequently spit inside her cell when they walked by as well.

54. The retaliation continued until 2013 when she was transferred to Edna Mahan Correctional Facility.

55. As a result of the sexual abuse, harassment, and retaliation perpetrated by CO Bell and enabled, permitted and endorsed by defendants, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life.

56. As a result of the above conduct by defendants, Plaintiff has suffered permanent harm including but not limited to a violation of her state and federal constitutional rights to due process and against cruel and unusual punishment, loss of activities, mental pain and suffering, psychological/psychiatric injury, embarrassment, humiliation and degradation and the loss of the normal pleasures and enjoyment of life.

57. The systemic, inappropriate and illegal treatment of Plaintiff at MCCF resulted from a long-standing, prison-wide culture of abuse within the institution, fostered and endorsed by MCSO through overtly discriminatory or facially neutral but discriminatory policies implemented and maintained by the named defendants, including but not limited to a policy of discounting and/or dismissing inmate complaints against correction officers, a policy of refusing to investigate fully and/or discipline male correction officers credibly accused of sexual harassment of inmates, a consistent practice of retaliating against, or permitting retaliation against MCCF inmates complaining about sexual harassment and/or abuse, under reporting or failing to report incidents of sexual abuse or harassment and failing, despite knowledge of a widespread pattern of sexual harassment and abuse, to train male correction officers in the proper treatment of female prisoners, and the prisoners' rights to freedom from sexual abuse and harassment.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. § 10:6-2
### (Plaintiff v. Defendants Edward Rochford and Frank Corrente)

58. Plaintiff adopts and incorporates by reference the above paragraphs of this Complaint as though each were individually set forth herein at length.

59. Defendants Rochford and Corrente violated Plaintiff's rights under the laws and Constitution of the State of New Jersey, and in particular the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

60. Defendants Rochford and Corrente implemented and maintained deficient policies and/or customs related to training, supervision, reporting, investigations, and/or sexual assault of inmates, including Plaintiff, which directly led to the conduct of CO Bell and/or other corrections officers. Defendants and/or other officials at the MCSO or MCCF with policymaking authority were responsible for a tacit but persistent policy, practice, or custom of failing to use due care in the hiring of correctional officers, failing to adequately supervise corrections officers, and failing to adequately investigate and respond to reports of sexual assault and harassment made against corrections officers.

61. Defendants knew or were aware of facts that should have made them aware of the existence of these policies, practice, and customs and their consequences.

62. As a result, Plaintiff's federal, state and constitutional right to equal protection was violated.

63. Plaintiff's federal, state, and constitutional right to substantive due process

was also violated, and Defendants' conduct shocks the conscience.

64. Plaintiff's federal, state, and constitutional right to freedom from cruel and unusual punishment was also violated.

65. Plaintiff's right to privacy was violated.

66. The aforementioned official policy, custom, or practice had a direct causal relationship to the sexual assault and harassment suffered by plaintiff and other prisoners at the hands of Corrections Officers, as well as the failure of others to intervene.

67. Such policy, practice, or custom on the part of defendants constituted deliberate indifference to plaintiff's constitutional rights.

68. Such policy, practice, or custom on the part of defendants were of such an egregious character as to shock the conscience.

69. The abuse of Plaintiff and the violation of her rights were committed in conformity with the policies, practices and customs implemented, maintained and/or endorsed by defendants. Defendants' conduct shocks the conscience and comprises intentional misconduct, and wanton infliction of harm for no good faith purpose, in violation of Plaintiff's constitutional rights, including but not limited to the well-established right to be free of cruel and unusual punishment, guaranteed by Article I, paragraph 12 of the New Jersey State Constitution, and the right to substantive due process, guaranteed by Article I, paragraph 1 of the New Jersey Constitution.

70. As a direct and proximate result of the aforesaid conduct of Defendants,

committed under color of law, Plaintiff suffered physical pain, emotional

distress, humiliation, embarrassment, loss of pleasure and enjoyment of

life, and other damages.

71. Such acts comprised a violation of the laws and Constitution of the State

of New Jersey, in particular N.J.S.A. 10:6-2, and were further in

violation of the Statutes of the State of New Jersey and the Constitution

of the State of New Jersey.

WHEREFORE, Plaintiff demands judgment against Defendants, and

ask the Court to provide the relief sought in the Prayer for Relief herein.


## COUNT II: VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION
### (Plaintiff v. All Defendants)

72. Plaintiff adopts and incorporates the allegations in the above paragraphs

as though each were individually stated herein at length.

73. MCCF is a place of public accommodation pursuant to the New Jersey

Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

74. Plaintiff has been continuously discriminated against, sexually harassed, subjected to

quid pro quo demands, and subjected to a hostile environment because of her gender

and/or sex, through the culpable acts and omissions of Morris County and Morris

County Sheriff's Office, Bureau of Corrections' employees, servants and agents.

75. Defendants maintained deficient policies and/or customs related to training,

supervision, reporting, investigations, and/or sexual assault of inmates, which directly

led to the culpable conduct of corrections officers as alleged herein.

76. Defendants' actions violate LAD.

*77.* Defendants aided and abetted the discrimination against Plaintiff.

*78.* In sum, as a direct and proximate result of the aforesaid acts of Defendant, Plaintiff suffered emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, and all other damages set forth above.

WHEREFORE, Plaintiff demands judgment against Defendants, and ask the Court to provide the relief sought in the Prayer for Relief herein.

<u>**COUNT III: FAILURE TO TRAIN, 42 U.S.C. § 1983**</u>
<u>**(Plaintiff v. Defendant Morris County &**</u>
<u>**Morris County Sheriff's Office, Bureau of Corrections)**</u>

79. Plaintiff adopts and incorporates the allegations in the above paragraphs as though each were individually stated herein at length.

80. Defendants Morris County and Morris County Sheriff's Office, Bureau of Corrections failed to adequately train and supervise corrections officers which resulted in damages to Plaintiff.

81. Defendants Morris County and Morris County Sheriff's Office, Bureau of Corrections maintained deficient policies and/or customs related to training, supervision, reporting, investigations, and/or discipline by officials with policy-making authority thereby enabling, encouraging, and/or condoning sexual abuse and harassment of female inmates including Plaintiff.

82. As such, Defendants Morris County and Morris County Sheriff's Office, Bureau of Corrections were grossly negligent, wanton and reckless with respect to the potential violations of Plaintiff's Constitutional Rights.

WHEREFORE, Plaintiff demands judgment against Defendants, and ask the Court to provide the relief sought in the Prayer for Relief herein.

## DAMAGES

67. Plaintiff seeks compensation for the following damages that resulted from the within sexual abuse and harassment:

    a. Past and future mental anguish;

    b. Past and future physical pain and suffering;

    c. Medical expenses Plaintiff has incurred in the past and will, in all probability continue to incur in the future;

    d. Loss of earning capacity;

    e. Costs of suit;

    f. Reasonable and necessary attorney's fees to the extent provided for under the law;

    g. Punitive damages; and

    h. Any and all other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff hereby demands trial by jury on all issues set forth herein.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that David M. Cedar and Gerald J. Williams are hereby designated as trial counsel for the within matter.

Dated: November 18, 2021

                            **WILLIAMS CEDAR, LLC**
                            */s/ David M. Cedar*
                            David M. Cedar, Esquire
                            */s/ Gerald J. Williams*
                            Gerald J. Williams, Esquire

*/s/ Shauna L. Friedman*
Shauna L. Friedman, Esquire

## <u>CERTIFIACTION PURSUANT TO R. 4:5-1</u>

Undersigned counsel certifies that there are no actions currently pending, which involve the same subject matter of this controversy.

Undersigned counsel further certifies that there are no additional known parties who should be joined to the present action at this time.

I certify the forgoing to be true and I am aware that if the above is willfully false, I am subject to punishment.

Dated: November 18, 2021

**WILLIAMS CEDAR, LLC**

*/s/ David M. Cedar*

David M. Cedar, Esquire

*/s/ Gerald J. Williams*

Gerald J. Williams, Esquire

*/s/ Shauna L. Friedman*

Shauna L. Friedman, Esquire