## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WC6 DOE,<br><br>                      Plaintiff<br><br>vs.<br><br>THE COUNTY OF MORRIS; MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS; EDWARD ROCHFORD, individually and in his official capacity as Sheriff of the Morris County Sheriff's Office; FRANK CORRENTE, individually and in his official capacity as Undersheriff of the Morris County Sheriff's Office; and JOHN DOES #1-10<br><br>                      Defendants. | CIVIL ACTION<br><br>No.: 2:21-cv-20607-JMV-JSA |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P.</u> 12(B)(6) FILED BY DEFENDANTS, THE COUNTY OF MORRIS, MORRIS COUNTY SHERIFF'S OFFICE, AND BUREAU OF CORRECTIONS

John Napolitano
Morris County Counsel
Special Morris County Counsel
R. Scott Fahrney, Esq. Bar Id.: 017182008
Mark J. Semeraro, Esq., Bar Id.:
DeCotiis, FitzPatrick, Cole & Giblin, LLP
90 East Halsey Road, Suite 385
Parsippany, New Jersey 07054
973-585-6254
Attorneys for Defendants, The County of Morris, Morris County Sheriff's Office, and Bureau of Corrections

Mark J. Semeraro, Esq.,
R. Scott Fahrney, Esq.,
On the Brief

Dated: February 9, 2022

i

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS ............................................................................ 2

PROCEDURAL HISTORY ............................................................................................... 3

LEGAL STANDARD FOR MOTION TO DISMISS......................................................... 4

    I.   THE COUNTY DEFENDANTS ARE ENTITLED TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(6) BECAUSE EACH AND EVERY CLAIM BY THE PLAINTIFF IS BARRED BY THE STATUTE OF LIMITATIONS. ........................................................................................................... 5

        a.   The discovery rule does not toll the statute of limitations for this claim. ............. 6

        b.   Statute of Limitation for Sexual Assault .............................................................. 7

    II.  COUNT I - PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF NEW JERSEY CIVIL RIGHTS ACT AGAINST DEFENDANTS ROCHFORD AND CORRENTE FOR FAILURE TO TRAIN/HIRE/SUPERVISE CORRECTIONS OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS. ........................................................................................................... 11

    III. COUNT II - PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION AGAINST ALL DEFENDANTS UNDER N.J.S.A. 10:5-1 OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS. ...................................................... 13

    IV. COUNT III - PLAINTIFF'S COMPLAINT FOR FAILURE TO TRAIN UNDER 42 U.S.C. §1983 AGAINST THE COUNTY DEFENDANTS FOR ADOPTING POLICIES CONDONING SEXUAL HARASSMENT OF FEMALE INMATES ARE BARRED BY THE STATUTE OF LIMITATIONS. ........ 14

    V.  THE PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A §1983 CAUSE OF ACTION UNDER MONELL V. DEPT. OF SOCIAL SERVS., 436 U.S. 658 (1978). ........................................... 15

CONCLUSION................................................................................................................. 17

## **Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................. 4

Bd. of the County Comm'rs v. Brown, 520 U.S. 397 (1997) ........................................... 16

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................... 4, 5

Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012) ......................................................... 4

Brown v. City of Newark, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010) ................... 12

Brown v. Foley, 810 F.2d. 55 (3d Cir. 1987) ......................................................... 14

Chase Sec. Corp. v. Donaldson, 325 U.S. 305 (1945)................................................ 5

Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23 (3d Cir.1989)..................... 12, 13, 14

City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985) ............................................ 16

Connick v. Thompson, 131 S.Ct. 1350 (2011) ....................................................... 16

Estate of Nicolas v. Ocean Plaza Cdmn Ass'n, Inc., 388 N.J.Super. 571 (A.D.2006) .......... 13

Graves v. Lowery 117 F. 3d 723 (3rd Cir. 1997) ..................................................... 5

Hall v. St. Joseph's Hosp., 343 N.J.Super. 88 (A.D.2001) ......................................... 13

Hous. Auth. Of Union City v. Commonwealth Trust Co., 25 N.J. 330 (1957) .................... 6

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (1997) ................................. 5

Johnson v. Passaic Cty., 2014 WL 2203842, at *9 (D.N.J. May 23, 2014) ..................... 12

Kell v. Nat. Westminster Bank, 311 N.J. Super. 473 (App. Div. 1998)........................... 7

Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996) ..................................................... 16

Lopez v. Swyer, 62 N.J. 267 (1973) .................................................................. 6

Markowitz v. Northeast Land Co., 906 F. 2d 100 (3rd Cir. 1990)................................. 5

McGrogan v. Till, 167 N.J. 414 (2001) ............................................................... 5

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978) ............................................ 15

Montells v. Haynes, 133 N.J. 282, 627 A.2d 654 (1993) ......................................... 13

Montgomery v. De Simone, 159 F.3d 120, 126 & n. 4 (3d Cir.1998) ....................... 12, 13

iii

Natale v. Camden County Corr. Facility, 318 F.3d 575 (3d Cir. 2003) ............................................. 16

Natale v. Camden Cty. Corr. Facility, 318 F.3d 575 (3d Cir. 2003) ................................................. 16

O'Keefe v. Snyder, 83 N.J. 478 (1980).............................................................................................. 7

Papasan v. Allain, 478 U.S. 265 (1986) ............................................................................................ 5

Pension Ben. Guar. Corp. v. White Consol. Industries, 998 F.2d 1192 (3d Cir. 1993) ..................... 5

Terrace Condominium Assoc. v. Midlantic Nat. Bank, 268 N.J. Super. 488 (Law Div. 1992).......... 7

Varner v. Peterson Farms, 371 F.3d 1011 (8th Cir. 2004) ............................................................... 7

Zuidema v. Pedicano, 860 A.2d 992 (N.J. Sup. Ct. 2004) ................................................................ 7

## Statutes

28 U.S.C. §1446 ............................................................................................................................... 4

42 U.S.C. §1983 ............................................................................................................. 3, 14, 15, 16

N.J.S.A. 10:5-1 .......................................................................................................................... 3, 13

N.J.S.A. 2:14-2 ................................................................................................................................ 1

N.J.S.A. 2A:14-2 ...................................................................................................................... passim

N.J.S.A. 2A:14-2a .......................................................................................................................... 11

N.J.S.A. 2A:14-2b ....................................................................................................................... 1, 9

N.J.S.A. 2A:30B-2 ........................................................................................................................ 1, 9

N.J.S.A. 2A:53A-7 ........................................................................................................................ 2, 9

N.J.S.A. 2A:53A-7.4 .................................................................................................................. 1, 2, 9

N.J.S.A. 2A:61B-1 ........................................................................................................................ 2, 9

## Rules

Fed. R. Civ. P.  12(b)(6) ............................................................................................................ passim

**PRELIMINARY STATEMENT**

Defendants County of Morris, Morris County Sheriff's Office, and the Morris County Bureau of Corrections, (hereinafter collectively referred to as the "County Defendants"), move to dismiss the Plaintiff's Complaint, in lieu of filing an Answer, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

In an ingenuitive and creative pleading, the Plaintiff, WC6 Doe, (hereinafter referred to as "Plaintiff" or "Ms. Doe"), has attempted to use and manipulate a Statute designed to prevent child sexual abuse, and sexual abuse in Churches, Universities and Charitable Organizations to avoid the Statute of Limitations for claims of sexual assault that allegedly occurred in between 2008 and 2010.

The Plaintiff's entire complaint turns on the interpretation of an amendment to the Statute of Limitations (N.J.S.A. 2:14-2).  Until May 13, 2019, the statute of limitations for injury to a person caused by the wrongful act, neglect or default of any person shall be commenced within two years after the cause of any such action accrued.

In 2019, the New Jersey Legislature passed a bill that expanded the statute of limitations **for certain civil actions for sexual abuse**, unfortunately the Plaintiff's causes of action are not included in this expansion.  Attached as Exhibit A, for the Court's Reference is a copy of the State of New Jersey Senate Bill 477.  The Plaintiff references this bill but does not in accurately apply the law to the instant matter.  The Plaintiff misleads the Court in claiming that NJ S477 provides a two-year "look-back" at any sexual assault claims.  It does not.

S477 amended N.J.S.A. 2A:14-2b to allow for the court to reopen/examine/look-back at any claim prior to December 1, 2019 if it fell within two categories: 1) sexual assault as defined by N.J.S.A. 2A:30B-2 (child sexual abuse); and 2) sexual abuses (covered by N.J.S.A. 2A:53A-7.4) by members of a nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes.

In essence, the NJ Legislature provided a two-year window for children/minors who were

1

victims of sexual abuse at any time prior December 1, 2019, to file a claim for their injuries. This look back only applied to pre-2019 claims if they fell into one of those two categories.

Further, the bill modified the future statute of limitations , from two to seven years, for actions brought under N.J.S.A. 2A:61B-1) (sexual abuse of a child); N.J.S.A. 2A:53A-7 (willful, wanton or grossly negligent act of commission or omission, including sexual assault or other crime of a sexual nature, brought against a trustee, director, officer, employee, agent, servant or volunteer of a **nonprofit corporation**, **society** or **association** **organized exclusively for religious**, **charitable** or **educational purposes**); and N.J.S.A. 2A:53A-7.4 (sexual offense committed against a minor due to the negligent hiring, supervision or retention of an employee, agent or servant of a **nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes**). [Emphasis Added].

This bill did not affect the statute of limitations for sexual assault claims of adults. N.J.S.A. 2A:14-2 remains as it was.

At the time of the alleged sexual acts, the Plaintiff was not a minor; she even admits that she was of age. Further, the County Defendants are not any of the delineated organizations that the amendments to the statute of limitations are applicable to (nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes), and therefore, the Plaintiff is not entitled to the extension of the statute of limitations set forth in N.J.S.A. 2A:14-2(a).

For the reasons set forth above, the Plaintiff's complaint must be dismissed with prejudice as the Statute of Limitations expired in 2011.

### **STATEMENT OF RELEVANT FACTS**

1. Between 2008 and 2013, the Plaintiff was incarcerated at the Morris County Correctional Facility ("MCCF") both while her criminal charges were pending, and after her sentencing. (Pl. Compl. ¶17).

2. At the time of her arrival at the MCCF, Plaintiff was 19 years-old and at all points in time relevant to this matter, of the age of majority.  (Pl. Compl. ¶18).

3. Officer Michael Bell ("CO Bell") pursued a romantic and sexual relationship with Plaintiff during her incarceration at the MCCF. (Pl. Compl. ¶19-24).

4. During her incarceration, Plaintiff alleges that the romantic relationship was non-consensual, and that CO Bell intimidated her into various sexual encounters.  (Pl. Compl. ¶25-31).

5. On May 20, 2010, Officer Bell committed suicide. (Pl. Compl. ¶46).

6. Following the death of CO Bell, there were no alleged subsequent sexual encounters.  (Pl. Compl. ¶41).

7. The last possible date of any alleged sexual assault was May 19, 2010, as after that date, CO Bell was dead.

8. Plaintiff has not alleged any further sexual assaults following the death of CO Bell.

## **PROCEDURAL HISTORY**

1. On November 18, 2021, Plaintiff filed her Complaint in the Morris County Superior Court alleging the following causes of action:

   I. Violation of New Jersey Civil Rights Act against Defendants Rochford and Corrente for failure to train/hire/supervise corrections officers[1];

   II. Violation of the New Jersey Law Against Discrimination against all Defendants under N.J.S.A. 10:5-1[2];

   III. Failure to Train under 42 U.S.C. §1983 against the County Defendants for adopting policies condoning sexual harassment of female inmates[3];

---

[1] Plaintiff's state constitutional claims are subject to the same analysis as the federal claims. The allegations in Count I against Rochford and Corrente are identical to that of any §1983 *Monell* Claim.  The state constitutional claims fall under the auspices of the New Jersey Civil Rights Act.  N.J. Stat. Ann. § 10:6- 2(c). The NJCRA was modeled after 42 U.S.C §1983 and "[c]ourts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart:  Section 1 983." Chapman v. New Jersey, No. 08-4 130, 2009 WL 2634888, at *3 (D.N.J. Aug.25, 2009); Petit v. New Jersey, No. 09- 3735, 2011 WL 1325614, at *3 (D.N.J. Mar.30, 2011) (" This district has repeatedly interpreted NJCRA analogously to §1983.").

[2] Plaintiff alleges in Count II that she was sexually harassed, but not sexually assaulted.

[3] Once again, Plaintiff makes no allegations of sexual assault under N.J.S.A. §2C:14-2.

3

2.  On December 20, 2021, in accordance with 28 U.S.C. §1446, the County Defendants, on behalf of all Defendants, filed a Notice of Removal to the United States District Court for the District of New Jersey as the matter was subject to Federal Question Jurisdiction.

3.  On December 20, 2021, the Notice of Removal was granted, and this matter was removed to the United States District Court for the District of New Jersey.

4.  On January 7, 2022, Defendants jointly filed for an enlargement of time to answer or file a responsive pleading to the Plaintiff's complaint.

5.  On January 10, 2022, the Court granted Defendants joint filing for an enlargement of time to answer or file a responsive pleading to the Plaintiff's complaint, thereby making any answer or responsive pleading due on February 9, 2022.

**LEGAL STANDARD FOR MOTION TO DISMISS**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Under Twombly/Iqbal, courts must conduct a three-step process in analyzing a 12(b)(6) motion. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012).

The court must first "outline the elements a plaintiff must plead to state a claim for relief." Id. Second, the court must "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth." Id. Third, the district court must examine the pleading to identify the "well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Id. "This last step is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (internal quotations omitted).

4

I. **THE COUNTY DEFENDANTS ARE ENTITLED TO DISMISSAL UNDER FED. R. CIV. P. 12(B)(6) BECAUSE EACH AND EVERY CLAIM BY THE PLAINTIFF IS BARRED BY THE STATUTE OF LIMITATIONS.**

When the Court considers a motion to dismiss it must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F. 2d 100, 103 (3rd Cir. 1990); Graves v. Lowery 117 F. 3d 723. 726 (3rd Cir. 1997). "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his 'entitle(ment) to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, ... on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." *See*, Bell, *supra*. at 555-56.

In considering a motion to dismiss, the Court generally may not consider matters "extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (1997). However, the Court may consider a "document integral to or expressly relied upon in the Complaint" "without converting the motion to dismiss to a summary judgment motion. Id. (See Pension Ben. Guar. Corp. v. White Consol. Industries, 998 F.2d 1192, 1196 (3d Cir. 1993)).

The purpose of the Statute of Limitations is to "reduce uncertainty concerning the timeliness of a cause of action." McGrogan v. Till, 167 N.J. 414, 426 (2001). The United States Supreme Court has noted that statutes of limitation "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizens from being put to the defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." Chase Sec. Corp. v. Donaldson, 325 U.S. 305, 314 (1945). The "primary purpose" of the "general statute of limitations, N.J.S.A. 2A:14-2 . . . is to compel the exercise of a right of action within a reasonable time so that the opposing party

5

has a fair opportunity to defend." <u>Hous. Auth. Of Union City v. Commonwealth Trust Co.</u>, 25 N.J. 330, 335 (1957).

In the matter at bar, the Plaintiff alleges that she was sexually assaulted by CO Bell, that she was subject to disparate treatment in the MCCF, and that the Defendants failed to properly supervise/train/hire employees of the MCCF by condoning a policy of sexual assault.

According to the fact pattern set forth in the Plaintiff's complaint (and even if every allegation were true, which they are not), the last event occurred on or before May 19, 2010, when Officer Bell committed suicide[4]. At worst, the very last possible act occurred in 2013, as Plaintiff alleges that she was transferred to another prison in 2013, and reported no incidents after that date. (Pl. Compl. ¶17).

While each count will be addressed below, the Court need only look at the applicable statute of limitations for each claim, which have all expired. In this matter, Plaintiff's factual allegations do not set forth a viable cause of action insofar as any claims against the County Defendants are time-barred by the Statute of Limitations.

**a. The discovery rule does not toll the statute of limitations for this claim.**

While the Plaintiff has not used of the word "discovered", it could be inferred from the pleadings that that Plaintiff may attempt to rely upon the "discovery rule" articulated by the New Jersey Supreme Court in <u>Lopez v. Swyer</u>, 62 N.J. 267, 273 (1973) that "the statute of limitations did not begin to run until Plaintiff knew or had reason to know" of the "basis for an actionable claim."

As <u>Lopez</u> states: "It is not every belated discovery that will justify an application of the rule lifting the bar of the limitations statute." 62 N.J. at 275.

Application of the discovery rule requires that Plaintiff "exercise reasonable diligence and intelligence" to discover that "it has been injured and the injury is the fault of another, whose identity is known." <u>Terrace Condominium Assoc. v. Midlantic Nat. Bank</u>, 268 N.J. Super. 488, 502 (Law Div.

---

[4] The Plaintiff's complaint is devoid of any other allegation of sexual assault by any other employee at the MCCF.

1992). The question is whether Plaintiff "knew or reasonably should have known" of the error and Defendant's identity or of the claim. <u>O'Keefe v. Snyder</u>, 83 N.J. 478, 493 (1980). See also, <u>Kell v. Nat. Westminster Bank</u>, 311 N.J. Super. 473, 489 (App. Div. 1998), which states:

> The purpose of any statute of limitations is "to stimulate to activity and to punish negligence" and "to promote repose by giving security and stability to human affairs" ... Courts have developed and applied the discovery rule, which provides that in an appropriate case, a cause of action will not accrue until the party discovers, or by the exercise of reasonable diligence and intelligence should have discovered facts which form the basis" of a claim.

In this case both the identity of the alleged sexual perpetrator was known by Plaintiff to be CO Bell, (Pl. Compl. ¶19-38) and the claim for alleged sexual assault was known, as the Plaintiff was 1) aware that she had become pregnant though Bell's sexual acts[5], and 2) alleges that she made "numerous complaints to the warden, Defendant Corrente, and submitted numerous written complaints about CO Bell's misconduct" at the MCCF[6].

Thus, it is clear that the Plaintiff was in every cognizant state of mind at the time the events were occurring to be aware of any alleged claim for sexual abuse that occurred during her incarceration at the MCCF.

As such, any claim that the statute of limitations was tolled for the "discovery rule" must be dismissed as a matter of law.

**b.  <u>Statute of Limitation for Sexual Assault</u>**

"'When it appears from the face of the complaint that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." <u>Varner v. Peterson Farms</u>, 371 F.3d 1011, 1016 (8th Cir. 2004). <u>N.J.S.A.</u> 2A:14-2 instructs that any personal injury claims based on sexual assault are subject to a two-year statute of limitations. See <u>Zuidema v. Pedicano</u>, 860 A.2d 992, 1000 (N.J. Sup. Ct. 2004).

---

[5] See Pl. Compl. ¶¶35-36.
[6] See Pl. Compl. ¶40.

7

The facts, as pled by the Plaintiff (and if the Court accepts them as true) do not establish a cause of action against the County Defendants:

1. Officer Michael Bell ("CO Bell") pursued a romantic and sexual relationship with Plaintiff during her incarceration at the MCCF. (Pl. Compl. ¶19-24).

2. During her incarceration, Plaintiff alleges that the romantic relationship was non-consensual, and that CO Bell intimidated her into various sexual encounters. (Pl. Compl. ¶25-31).

3. On May 20, 2010, Officer Bell committed suicide. (Pl. Compl. ¶46).

4. Following the death of CO Bell, there were no alleged subsequent sexual encounters. (Pl. Compl. ¶41).

5. **The last possible date of any alleged sexual assault was May 19, 2010, as after that date, CO Bell was dead.**

Here, the alleged sexual assault occurred, at the latest on or about May 19, 2010, and Plaintiff did not initiate this lawsuit against the Defendants until more than eleven years later on November 18, 2021. Therefore, as the statute of limitations has run, Plaintiff cannot now attempt to hold the Defendants liable for personal injury claims based on sexual assault. While the Plaintiff's complaint does not list a cause of action for sexual assault, any action based on the allegation that a sexual assault occurred would have began to run from the date of the last sexual encounter.

Therefore, the Statute of Limitations on any claim predicated on the alleged sexual assault committed by CO Bell would have terminated on May 19, 2012 - - more than nine years ago. As such, the County Defendants are entitled to dismissal of all causes of action alleged in the Plaintiff's complaint as a matter of law.

i. **New Jersey's Amendment to the Statute of Limitations does not apply to Plaintiff.**

In 2019, the New Jersey Legislature passed S477 for the sole purpose of expanding the statute of limitations **for certain civil actions for sexual abuse**, namely those abuses of minors by an employee, agent or servant of a **nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes**. The Plaintiff's causes

8

of action are not included in this expansion

The Plaintiff references this bill, but does not in accurately apply the law to the instant matter, instead claiming that the "look back" applies to all claims for any sexual assault that occurred.  The Plaintiff misleads the Court in claiming that NJ S477 provides a two-year "look-back" at any sexual assault claims.  It does not.

S477 amended <u>N.J.S.A.</u> 2A:14-2b to allow for the court to reopen/examine/look-back at any claim prior to December 1, 2019 if it fell within two categories: 1) sexual assault as defined by <u>N.J.S.A.</u> 2A:30B-2 (child sexual abuse); and 2) sexual abuses of minors (covered by <u>N.J.S.A.</u> 2A:53A-7.4) by members of a nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes.

The NJ Legislature provided a two-year window for children/minors who were victims of sexual abuse at any time prior December 1, 2019, to file a claim for their injuries.  This look back only applied to pre-2019 claims if they fell into one of those two categories.

Further, the bill modified the future statute of limitations , from two to seven years, for actions brought under <u>N.J.S.A.</u> 2A:61B-1) (sexual abuse of a child); <u>N.J.S.A.</u> 2A:53A-7 (willful, wanton or grossly negligent act of commission or omission, including sexual assault or other crime of a sexual nature, brought against a trustee, director, officer, employee, agent, servant or volunteer of a **nonprofit corporation**, **society** or **association organized exclusively for religious**, **charitable** or **educational purposes**); and <u>N.J.S.A.</u> 2A:53A-7.4 (sexual offense committed against a minor due to the negligent hiring, supervision or retention of an employee, agent or servant of a **nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes**). [Emphasis Added].

This bill did not affect the statute of limitations for sexual assault claims of adults. <u>N.J.S.A.</u> 2A:14-2 remains as it was.

At the time of the alleged sexual acts, the Plaintiff was not a minor; she even admits that she

was of age.  Further, the County Defendants are not any of the delineated organizations that the amendments to the statute of limitations are applicable to (nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes), and therefore, the Plaintiff is not entitled to the extension of the statute of limitations set forth in <u>N.J.S.A.</u> 2A:14-2(a).

As such, the Plaintiff's claims are not one of those that allows for the two-year look back, as that extension of the statute of limitations was only made available to minors who were victims of sexual abuse or minors who were victims of sexual abuse by an employee, agent or servant of a nonprofit corporation, society or association organized exclusively for religious, charitable, educational or hospital purposes.

As the Plaintiff's claims are more than 11 years old from the date of the last possible injury, the complaint must be dismissed as a matter of law.

### ii.   **Plaintiff is not entitled to an expansion of the SOL under the Amendment for 7-year lookback as the statute of limitations has passed.**

In addition to the expansion for sexual abuse crimes against minors, S477 allowed for an expansion of the statute of limitations for adult victims that occurred prior to December 1, 2019 – so long as the injury occurred within seven (7) years of the date the bill was enacted into law (December 1, 2019).

In passing the bill S477, the Senate Committee issued and passed a statement on how the new law is applicable to adult victims.:

**Senate Committee Substitute for Senate Bill No. 477--L.2019, c. 120**

> <u>Adult Victim</u> - For abuse committed against a person 18 years of age or older that occurred prior to, on or after the bill's effective date**, a lawsuit would need to be filed within seven years of the injury and its cause.** [Emphasis Added].

> The retroactive application of the amended Charitable Immunity Act, per section 5, would also apply to adult victim suits filed under the new, extended statute of limitations (adult victims could not bring suit under

> the charitable immunity exception based upon the negligent hiring, supervision, or retention of a person resulting in abuse, as amended by section 6, because such a cause of action is only available to child victims).
>
> <u>N.J.S.A.</u> 2A:14-2a(a)(1); L. 2019, c. 120, § 2; see also Statement to S. 477, at 1-2 (explaining the extension of the "statute of limitations [for minors] is retroactive to cover past acts of abuse").

Thus, under S477, the Plaintiff's statute of limitations would be May 20, 2017.  Since CO Bell was found deceased by suicide on May 20, 2010, and the Plaintiff has admitted that there were no sexual encounters with CO Bell or any other corrections officer after CO Bell's death, the last date of injury from which the statute of limitations would begin to run was May 20, 2010.

Under S477 and <u>N.J.S.A.</u> 2A:14-2a(b)(1):

> Every action at law for an injury resulting from the commission of sexual assault or any other crime of a sexual nature against a person 18 years of age or older that occurred prior to, on or after the effective date of P.L.2019, c. 120 (C.2A:14-2a et al.) shall be commenced within seven years from the date of reasonable discovery of the injury and its causal relationship to the act.
>
> N.J. Stat. Ann. § 2A:14-2a(b)(1)

Therefore, the Plaintiff's claims based on any sexual assault by CO Bell, and any negligent hiring/retention/training or supervision, must have been filed on or before May 20, 2017.  As such, the Court must dismiss the claims against the County Defendants, with prejudice, as a matter of law.

## II.   COUNT I - PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF NEW JERSEY CIVIL RIGHTS ACT AGAINST DEFENDANTS ROCHFORD AND CORRENTE FOR FAILURE TO TRAIN/HIRE/SUPERVISE CORRECTIONS OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS.

In Count I, Plaintiff makes allegations that Defendants Rochford and Corrente violated her federal, state and constitutional right to equal protection and due process.  (Pl. Compl. ¶60-63). Plaintiff alleges that Defendants Rochford and Corrente failed to train/hire/supervise corrections officers which led to her alleged sexual assault and harassment/retaliatory treatment. (Pl. Compl. ¶66-69).  While the undersigned does not represent Defendants Rochford and Corrente, we believe it

11

pertinent to address these claims and their statute of limitations.

With respect to Plaintiff's claim under the New Jersey Civil Rights Act, courts in this district have employed a two-year statute of limitations. See, e.g., <u>Johnson v. Passaic Cty.</u>, Civ. No. 2:13-4363, 2014 WL 2203842, at *9 (D.N.J. May 23, 2014) (finding that the statute of limitations under New Jersey Civil Rights Act is two years, noting that the state statute was modeled after §1983 and has been interpreted in parallel with Section 1983); <u>Brown v. City of Newark</u>, Civ. A. No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010).

Pursuant to <u>N.J.S.A.</u> 2A:14–2, the statute of limitations for Plaintiff's § 1983 claim is two years from the accrual of the cause of action. <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 & n. 4 (3d Cir.1998); <u>Cito v. Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir.1989).

"[T]he language of New Jersey's generally-applicable personal injury statute of limitations, combined with the NJCRA's similar purpose and design to §1983, which has employed state statutes of limitations ... convinces this Court that New Jersey's two-year limitation applies to the NJCRA." <u>Brown v. City of Newark</u>, Civ. A. No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010).

In the matter at bar, Plaintiff's alleged deprivation of civil rights arises out of her alleged sexual assault and retaliatory treatment at the MCCC. Notwithstanding these allegations, and even if accepted as true under the <u>Fed. R. Civ. P.</u> 12(b)(6) standard, the latest date for any sexual assault as alleged in the Plaintiff's complaint was May 19, 2010. (Pl. Compl. ¶41, 46). As set forth at length above, Plaintiff has admitted that any alleged sexual assaults stopped after CO Bell committed suicide on May 20, 2010.

Next, we turn to the allegations of retaliation and harassment as defined in the Plaintiff's Complaint in Paragraphs 48-54. Here the Plaintiff alleges that other Correctional Officers violated her federal, state and constitutional rights by allegedly attempting to manufacture new charges against her, harassing her, subjecting her to racial slurs, and spitting on her. (Pl. Compl. ¶48-53). Notwithstanding these allegations, the Plaintiff admits the retaliatory acts ceased in 2013. (Pl. Compl.

12

¶54).

As set forth above, the statute of limitations for any action under both §1983, and the identical New Jersey Civil Rights Act, must be commenced within two years of the date the events last occurred.  Montgomery v. De Simone, 159 F.3d 120, 126 & n. 4 (3d Cir.1998); Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989).

Therefore, hypothetically speaking, even if the events last occurred on the last day of 2013 (thereby making the SOL date December 31, 2013), the cause of action must be commenced on or before December 31, 2015 - - more than 6 years ago.

As such, any cause of action for violations under the New Jersey Civil Rights Act, is time-barred by the statute of limitations and must be dismissed with prejudice.

### III.   COUNT II - PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION AGAINST ALL DEFENDANTS UNDER N.J.S.A. 10:5-1 OFFICERS ARE BARRED BY THE STATUTE OF LIMITATIONS.

In Count II of the Plaintiff's complaint, she alleges that the actions of the Defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.  (Pl. Compl. ¶74).  Further, Plaintiff alleges that the

Claims under law against discrimination (LAD) are subject to two-year statute of limitations for personal injuries, rather than six-year general statute of limitations. Montells v. Haynes, 133 N.J. 282, 627 A.2d 654 (1993); Hall v. St. Joseph's Hosp., 343 N.J.Super. 88, 777 A.2d 1002 (A.D.2001), *certification denied* 171 N.J. 336, 793 A.2d 715; Estate of Nicolas v. Ocean Plaza Condominium Ass'n, Inc., 388 N.J.Super. 571, 909 A.2d 1144 (A.D.2006).

As set forth in Point II above, the Plaintiff's alleged deprivation of civil rights arises out of her alleged sexual assault and retaliatory treatment at the MCCC.  Notwithstanding these allegations, and even if accepted as true under the Fed. R. Civ. P.  12(b)(6) standard, the latest date for any sexual assault as alleged in the Plaintiff's complaint was May 19, 2010.  (Pl. Compl. ¶41, 46).  As set forth at length above, Plaintiff has admitted that any alleged sexual assaults stopped after CO Bell

committed suicide on May 20, 2010.  Thus, any action based on that alleged discrimination must be commenced on or before May 20, 2012 - - more than 9 years past the applicable statute of limitations.

Next, we turn to the allegations of retaliation and harassment as defined in the Plaintiff's Complaint in Paragraphs 48-54.  Once again, the Plaintiff alleges that other Correctional Officers violated the LAD by allegedly attempting to manufacture new charges against her, harassing her, subjecting her to racial slurs, and spitting on her.  (Pl. Compl. ¶48-53).  Notwithstanding these allegations, the Plaintiff admits the retaliatory acts ceased in 2013.  (Pl. Compl. ¶54).

Thus, even if the events last occurred on the last day of 2013 (thereby making the SOL date December 31, 2013), the cause of action must be commenced on or before December 31, 2015 - - more than 6 years ago.

As such, any cause of action for violations under the New Jersey Law Against Discrimination, is time-barred by the statute of limitations and must be dismissed with prejudice.

### IV.   COUNT III - PLAINTIFF'S COMPLAINT FOR FAILURE TO TRAIN UNDER 42 U.S.C. §1983 AGAINST THE COUNTY DEFENDANTS FOR ADOPTING POLICIES CONDONING SEXUAL HARASSMENT OF FEMALE INMATES ARE BARRED BY THE STATUTE OF LIMITATIONS.

Actions brought under 42 U.S.C. §1983 are governed, for statute of limitations purposes, by the personal injury statute of limitations under New Jersey law. Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, that statute is N.J.S.A. 2A:14-2, which provides for a two-year statute of limitations. Such actions must be convened within two years of accrual of the cause of action. Brown v. Foley, 810 F.2d 55 (3d Cir. 1987).

For the sake of brevity, the County Defendants again refer to the arguments set forth in Points II and III above which establish the timeline of events that bar the Plaintiff's claims.

Plaintiff has admitted that any alleged sexual assaults stopped after CO Bell committed suicide on May 20, 2010.  (Pl. Compl. ¶41, 46). Thus, any action based on that alleged activity must be commenced on or before May 20, 2012 - - more than 9 years past the applicable statute of limitations.

As for the Plaintiff's complaints that the alleged retaliation for causing CO Bell's death led to retaliation and harassment as defined in the Plaintiff's Complaint in Paragraphs 48-54, the Plaintiff admits the retaliatory acts ceased in 2013.  (Pl. Compl. ¶54).

Therefore, even if the events last occurred on the last day of 2013 (thereby making the SOL date December 31, 2013), the cause of action must be commenced on or before December 31, 2015 -- more than 6 years ago.[7]

As such, any cause of action for violations under the 42 U.S.C. §1983, is time-barred by the statute of limitations and must be dismissed with prejudice.

## V.   THE PLAINTIFF'S COMPLAINT FAILS TO SET FORTH A §1983 CAUSE OF ACTION UNDER MONELL V. DEPT. OF SOCIAL SERVS., 436 U.S. 658 (1978).

Even if the Plaintiff's Claims were not barred by the statute of limitations (which they must be as a matter of law), a public entity, like the County Defendants, cannot be held liable in a §1983 action under the principle of *respondeat superior*. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).

Our Courts have routinely held that a municipality may only be found liable under §1983 in one of three instances:

> (1) The constitutional violation is the result of a policy, ordinance, regulation or officially adopted decision that has been promulgated by the municipality's officer or by governmental custom;

> (2) Authorized policy makers approve a subordinate's decision and the basis for it; and

> (3) An unconstitutional policy can be inferred from a single decision taken by the highest officials responsible for setting policy in that area of the government's business.

"[A] local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." Monell v. Department of Social Services of the City of New York, 436 U.S.

---

[7] As set forth at length in Section I of the moving brief, the extension of the statute of limitations does not apply to §1983 claims for retaliation/harassment.

15

658, 694 (1978). "Plaintiffs who seek to impose liability on local governments under §1983 must prove that action **pursuant to official municipal policy caused their injury**." Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011) (citations and internal quotations omitted). Where a plaintiff contends that a policy or custom caused a civil rights violation, "rigorous standards of culpability and causation must be applied." Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 405 (1997).

"Not all state action rises to the level of a custom or policy." Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003). A policy is made "when a decision maker possessing final authority to establish policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996). "A custom is an act 'that has not been formally approved by an appropriate decision maker,' but that is 'so widespread as to have the force of law.'" Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)). A single incident will not suffice to establish a policy or custom. City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985)

Here, Plaintiff has not pointed to any policy, ordinance, regulation or custom in place in the County which is the basis for her §1983 claim. The only thing plaintiff has alleged is that the CO Bell is alleged to have sexually assaulted her. Fatal to the Plaintiff's claim is that she has not shown that the governing body aware of, approved, adopted or condoned of any alleged policy of allowing sexual assaults or retaliatory motivation when being blamed for an officer's death.

Thus, if Plaintiff is to establish a successful constitutional claim against the County Defendants, the Plaintiff must show that the County maintained an unconstitutional custom which is casually related to the Plaintiff's injury. Accordingly, there is no basis for imposing liability on the County Defendants under Monell, even if the Plaintiff were to vault the statute of limitations hurdle, which it cannot. As such, the Plaintiff's Complaint must be dismissed, with prejudice, as a matter of law.

## <u>CONCLUSION</u>

For all of the foregoing reasons, defendant's Motion to Dismiss should be granted, dismissing Plaintiff's Complaint, in its entirety, with prejudice.

John Napolitano
Morris County Counsel

By: _____
R. Scott Fahrney, Esq.,
Special Morris County Counsel
Attorneys for Defendants County of Morris;
Morris County Sheriff's Office, Bureau of Corrections

Date: February 9, 2022