## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WC6 DOE,<br><br>                Plaintiff<br><br>vs.<br><br>THE COUNTY OF MORRIS; MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS; EDWARD ROCHFORD, individually and in his official capacity as Sheriff of the Morris County Sheriff's Office; FRANK CORRENTE, individually and in his official capacity as Undersheriff of the Morris County Sheriff's Office; and JOHN DOES #1-10<br><br>                Defendants. | **CIVIL ACTION**<br><br>**No.: 2:21-cv-20607-JMV-JSA** |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.  12(B)(6) FILED BY DEFENDANT EDWARD ROCHFORD

John Napolitano
Morris County Counsel
Special Morris County Counsel
John M. Barbarula, Esq. Bar Id.: 018581977
Barbarula Law Offices
1242 Route 23 North
Butler, New Jersey 07405
973-492-1190
Attorneys for Defendant, Edward Rochford

John M. Barbarula, Esq.
On the Brief
Dated: February 9, 2022

i

Table of Contents                                                                                           Page

Preliminary Statement…………………………………………………………………  1

Statement of Facts…………………………………………………………………...  3

Procedural History…………………………………………………………………...  4

Legal Argument……………………………………………………………………...  5

      Point I. Standard of Review…………………………………………………  5

      Point II. S477 Is Inapplicable to Plaintiff's Complaint…………………………...  7

      Point III. Count I of Plaintiff's Complaint is Time-Barred………………………  8

      Point IV.  Count II of Plaintiff's Complaint is Time-Barred……………………..  9

Conclusion……………………………………………………………………………  10

Cases                                                                                                     Page

*Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009)…………………………………………..   5

*Brown v. City of Newark*, Civ. A. No. 09-3752, 2010 WL 1704748,
at *4 (D.N.J. Apr. 26, 2010)……………………………………………………….   8

*Chase Sec. Corp. v. Donaldson*, 325 U.S. 305, 314 (1945)………………………….   6

*Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir.1989)………………   8

*Comm. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3rd Cir. 1988)…   5

*Coyle v Salesians of Don Bosco*, N.J. Super 2021…………………………………   8

*Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)………………………………….   5

*Hous. Auth. Of Union City v. Commonwealth Trust Co.*, 25 N.J. 330, 335 (1957)………   6

*Klumpp v Borough of Avalon*, 202 N.J. 390, 409, 997 A.2d 967 (2010)………………   9

*McGrogan v. Till*, 167 N.J. 414, 426 (2001)………………………………………….   6

*Montgomery v. De Simone*, 159 F.3d 120, 126 & n. 4 (3d Cir.1998)…………………   8

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008)……………………   5

*Schrob v. Caterson*, 948 F.2d 1402, 1405 (3rd Cir. 1991)…………………………….   5

*Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004)……………………..   7

Statutes

28 U.S.C. §1446…………………………………………………………………   4

42 U.S.C. §1983…………………………………………………………………   4, 8

N.J.S.A. 2A:14-1…………………………………………………………………   9

N.J.S.A. 2A:14-2………………………………………………………………… 1, 6, 7, 8

N.J.S.A. 10:6-2…………………………………………………………………..   8

Rules

Fed. R. Civ. P.  12(b)(6)…………………………………………………………1, 5, 7, 9

## PRELIMINARY STATEMENT

Defendant Edward Rochford, (hereinafter referred to as "Defendant Rochford"), moves to dismiss Counts I and II of Plaintiff's Complaint, in lieu of filing an Answer, pursuant to Fed. R. Civ. P. 12(b)(6), as the Plaintiff's claims are barred by the statute of limitations. Count III of the Plaintiff's Complaint does not assert claims against Defendant Rochford, therefore, those allegations are not addressed herein. To the extent that any such claims are asserted, Defendant Rochford adopts the arguments made by Co-Defendants Morris County, Morris County Sheriff's Office, and Bureau of Corrections in support of their Motion to Dismiss Plaintiff's Complaint.

Bill S477 passed by Governor Philip Murphy, the Senate and General Assembly and signed into law on May 13, 2019, expanded the Statute of Limitations for certain causes of action of sexual abuse for minors.

The two-year look back under 2A:14-2, et seq, does not apply to Defendant Rochford as it specifically enumerates the acts applicable to the following classes and entities:

1. "Any nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes…"

2. "Any trustee, director, officer, employee, agent, servant or volunteer of a nonprofit corporation, society or association organized exclusively for religious, charitable or educational purposes…"

The Act specifically applies to a minor and does not and did not alter any applicable statute of limitations for adults. Plaintiff was an adult at all times outlined in Plaintiff's Complaint.

Defendant Rochford's was not employed in or for any of the above enumerated organizations. and Plaintiff was an adult at the time of the alleged incidences. As such, S477 does not apply to Plaintiff's Complaint. Therefore, the Plaintiff's Complaint must be dismissed.

Defendant Rochford hereby adopts and joins in the Motions to Dismiss of Defendant Corrente, The County of Morris, Morris County Sheriff's Office, and Bureau of Corrections, and incorporates their Briefs by reference herein.

## STATEMENT OF FACTS

1. Between 2008 and 2013, the Plaintiff was incarcerated at the Morris County Correctional Facility (hereinafter referred to as "MCCF"), while her criminal charges were pending, and after her sentencing. (Pl. Compl. ¶17).

2. At the time of Plaintiff's incarceration at the MCCF, Plaintiff was 19 years-old.  (Pl. Compl. ¶18).

3. Officer Michael Bell (hereinafter referred to as "CO Bell") pursued a romantic and sexual relationship with Plaintiff during her incarceration at the MCCF. (Pl. Compl. ¶19-24).

4. During her incarceration, Plaintiff alleges that the romantic relationship was non-consensual, and that CO Bell intimidated her into various sexual encounters.  (Pl. Compl. ¶25-31).

5. The relationship between CO Bell and Plaintiff ended in 2010.  (Pl. Compl. ¶41).

## <u>PROCEDURAL HISTORY</u>

1. On November 18, 2021, Plaintiff filed her Complaint in the Morris County Superior Court

   alleging the following causes of action:

   I. Violation of New Jersey Civil Rights Act against Defendants
   Rochford and Corrente for failure to train/hire/supervise corrections
   officers;

   II. Violation of the New Jersey Law Against Discrimination against all
   Defendants under N.J.S.A. 10:5-1;

   III. Failure to Train under 42 U.S.C. §1983 against the County
   Defendants for adopting policies condoning sexual harassment of
   female inmates;

2. On December 20, 2021, in accordance with 28 U.S.C. §1446, the County Defendants, on

   behalf of all Defendants, filed a Notice of Removal to the United States District Court for

   the District of New Jersey as the matter was subject to Federal Question Jurisdiction.

3. On December 20, 2021, the Notice of Removal was granted, and this matter was removed

   to the United States District Court for the District of New Jersey giving Defendants to

   February 9, 2022 in which Defendants to answer or file a responsive pleading to the

   Plaintiff's complaint.

**LEGAL ARGUMENT**

**POINT I**

**STANDARD OF REVIEW**

It is well settled that dismissal of a Complaint pursuant to Rule 12(b)(6) is proper "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of the motion, a Court will accept the factual allegations as true in the Complaint and Plaintiff will be given "the benefit of every favorable inference that can be drawn from those allegations." *Schrob v. Caterson*, 948 F.2d 1402, 1405 (3rd Cir. 1991). Notwithstanding, a plaintiff cannot rely upon conclusory recitations of law, but is required to make factual allegations. *Comm. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3rd Cir. 1988).

According to the Third Circuit, "stating … a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3rd Cir. 2008) (internal quotations omitted). More recently, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more of the claims asserted – and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [which] do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ibid. Thus, "a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

The purpose of the Statute of Limitations is to "reduce uncertainty concerning the timeliness of a cause of action." _McGrogan v. Till_, 167 N.J. 414, 426 (2001). The United States Supreme Court has noted that statutes of limitation "are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizens from being put to the defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." _Chase Sec. Corp. v. Donaldson_, 325 U.S. 305, 314 (1945). The "primary purpose" of the "general statute of limitations, N.J.S.A. 2A:14-2 . . . is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend." _Hous. Auth. Of Union City v. Commonwealth Trust Co._, 25 N.J. 330, 335 (1957). There is nothing unique or unclear about the nature of the claims against Defendant.

Here, Plaintiff alleges that she was sexually assaulted by CO Bell, that she was subject to disparate treatment in the MCCF, and that Defendant Rochford failed to properly supervise, train, and hire employees of the MCCF, by condoning a policy of sexual assault.  According to the Plaintiff, the last event occurred on or before May 19, 2010, when CO Bell committed suicide.  At worst, the very last possible act occurred in 2013, when she was released from custody in 2013.

**POINT II**

**S477 IS INAPPLICABLE TO PLAINTIFF'S COMPLAINT**

The Complaint filed by Plaintiff is based upon the alleged sexual assaults that took place while she was incarcerated at MCCF.

Plaintiff claims that she was the victim of sexual assaults that ended in 2010.  She remained incarcerated at MCCF until 2013.  Plaintiff claims that S477 extends to her through the filing of her Complaint in November, 2021.

The Complaint does not establish a cause of action against Defendant Rochford, as the allegations sound in sexual assault as outlined in N.J.S.A. 2A:14-2, which limits the statute of limitations to two years and was not extended by S477.

"However, even when a Plaintiff alleges a continuing violation, an overt act by the Defendant is required to restart the statute of limitations and the statute runs from the last overt act." _Varner v. Peterson Farms_, 371 F.3d 1011, 1016 (8th Cir. 2004).  The Plaintiff's Complaint alleges that the last act occurred in 2010.  Therefore, a Rule 12(b)(6) Motion to Dismiss is required. id. at 1016.

Plaintiff's Complaint further alleges that Defendant Rochford is liable for alleged harassment and retaliation against her, carried out by corrections officers, after the death of CO Bell.  Plaintiff, in her Complaint states that these acts terminated upon the transfer to state prison. (Pl. Compl. ¶54).  Plaintiff's statute of limitations expired on December 31, 2015, as these alleged claims are also subject to a two-year statute of limitations. Accordingly, Plaintiff's Complaint must be dismissed.

7

## POINT III

## COUNT I OF PLAINTIFF'S COMPLAINT IS TIME-BARRED

Count I of Plaintiff's Complaint states that Defendant Rochford violated the New Jersey Constitution and more specifically, the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, by maintaining and implanting deficient policies and procedures, as well as failing to train, hire and supervise corrections officers.  Plaintiff alleges that these failures resulted in her alleged sexual assault, retaliatory and receiving disparages treatment.  (Pl. Compl. ¶ 60-62).

S477, Chapter 120, which became effective December 1, 2019, extended the statute of limitations of civil tort actions arising out of sexual abuse of minors.  N.J.S.A. 2A:14-2a.  _Coyle v Salesians of Don Bosco_, N.J. Super 2021.  Plaintiff's Complaint clearly states that all of the alleged sexual abuse occurred while she was an adult, thus the statute is not applicable to her alleged claims.

Plaintiff's claims under New Jersey Civil Rights Act § 1983 are subject to a two- year statute of limitations.  _Brown v. City of Newark_, Civ. A. No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010).  Plaintiff left the MCCF in 2013.  As a result, any claims under the New Jersey Civil Rights Act would have had to be filed two years after the last occurrence, which as alleged in Plaintiff's Complaint, was May 19, 2010. (Pl. Compl. ¶41, 46).  Further, even if Plaintiff's cause of action could be construed to extend to her last day of her incarceration at MCCF, in 2013, her limitation of action would have expired on December 31, 2015.  _Montgomery v. De Simone_, 159 F.3d 120, 126 & n. 4 (3d Cir.1998); _Cito v. Bridgewater Twp. Police Dep't_, 892 F.2d 23, 25 (3d Cir.1989).  Plaintiff's Civil Rights claim against Defendant Rochford is time-barred and must be dismissed, as her Complaint was filed on November 18, 2021.

## POINT IV

### COUNT II OF PLAINTIFF'S COMPLAINT IS TIME-BARRED

Count II of Plaintiff's Complaint alleges that Defendant Rochford is liable to her under New Jersey Law Against Discrimination (LAD), this claim is also time-barred. The applicable statute of limitations is two-years. *Klumpp v Borough of Avalon*, 202 N.J. 390, 409, 997 A.2d 967 (2010) (N.J.S.A. 2A:14-1), Fed. R. Civ. P. 12(b)(6) standard must be applied to the alleged claims of Plaintiff. All of the Plaintiff's claims derive from her alleged sexual abuse by CO Bell, which ceased upon his death on May 20, 2010. Therefore, it is undisputable that any alleged discrimination had to cease upon CO Bell's death on May 20, 2010. The allegations of the Plaintiff, applying the most recent dates applicable for harassment and retaliation, would be to extend these alleged claims until the date in which she was transferred to State Prison in 2013. This would have required the Plaintiff to have filed this action, no later than December 31, 2015. The within action not having been filed until November 18, 2021, the allegations contained in Count II of the Complaint are barred by the statute of limitations, and must be dismissed as to Defendant Rochford.

Accordingly, all of Plaintiff's allegations as contained in Count II are time-barred and must be dismissed as to Defendant Rochford.

## CONCLUSION

For all of the foregoing reasons, Defendant's Motion to Dismiss should be granted, dismissing Plaintiff's Complaint, in its entirety, with prejudice.

John Napolitano
Morris County Counsel


By:   /s/ *John M. Barbarula*
      John M. Barbarula, Esq.
      Special Morris County Counsel
      Attorneys for Defendant Edward Rochford
      Date: February 9, 2022