**Not for Publication**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WC6 DOE,<br><br>    *Plaintiff,*<br><br>  v.<br><br>THE COUNTY OF MORRIS; MORRIS COUNTY SHERIFF'S OFFICE, BUREAU OF CORRECTIONS; EDWARD ROCHFORD, *individually and in his officially capacity as Sheriff of the Morris County Sheriff's Office*; FRANK CORRENTE, *individually and in his official capacity as Undersheriff of the Morris County Sheriff's Office*; & JOHN DOES Nos. 1-10<br><br>    *Defendants.* | Civil Action No. 21-20607<br><br><br><br>    <u>OPINION</u> |

**John Michael Vazquez, U.S.D.J.**

   This case arises out of alleged sexual assaults.  Currently pending are Defendants' motions to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E.7; D.E.8; D.E.9.  The Court has reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, Defendants' motions are **GRANTED in part** and **DENIED in part as moot.**

---

[1] Defendants the County of Morris, Morris County Sheriff's Office, and Bureau of Corrections' ("the County Defendants") brief in support of their motion, D.E. 7-1, will be referred to as "Cnty. Defs. Br." Defendant Frank Corrente's brief in support of his motion, D.E. 8-1, will be referred to as "Corrente Br." Defendant Edward Rochford's brief in support of his motion, D.E. 9-1, will be referred to as "Rochford Br."  Plaintiff's brief in opposition, D.E. 12, will be referred to as "Opp'n." The County Defendants' reply, D.E. 15, will be referred to as "Cnty. Defs. Reply." Corrente's reply, D.E. 16, will be referred to as "Corrente Reply."

## I.     BACKGROUND

Plaintiff was incarcerated at the Morris County Correctional Facility ("MCCF") from about 2008 until 2013.  D.E. 1 Exhibit A ("Compl.") at 11 ¶ 17.[2]  During this time, Plaintiff alleges that Michael Bell ("CO Bell"), a corrections officer, made inappropriate comments and sexual advances toward her.  *Id.* at 11 ¶ 21; *id.* at 12 ¶ 25.  This alleged misconduct devolved into inappropriate touching and groping, and ultimately nonconsensual oral sex and vaginal intercourse.  *Id.* at 12 ¶ 29.

CO Bell impregnated Plaintiff.  *Id.* at 12 ¶ 35.  CO Bell became angry when Plaintiff told him she suspected she was pregnant, and he brought her "special drinks" to terminate pregnancy. *Id.* at 13 ¶¶ 36-37.  He also "punched Plaintiff in the stomach."  *Id* 13 ¶ 38.  Plaintiff suffered a miscarriage.  *Id.* at 13 ¶ 39.

CO Bell became the subject of an unrelated investigation.  *Id.* at 13 ¶ 41.  Plaintiff was transferred to solitary confinement for about ten months during that investigation.  *Id.* at 13 ¶ 43. CO Bell subsequently committed suicide.  *Id.* at 14 ¶ 46.  Other officers blamed Plaintiff for CO Bell's suicide and retaliated against her.  *Id.* at 14 ¶ 48; *see also id.* at 14 ¶¶ 49-53 (providing examples of alleged retaliation).  Both before and after his death, Plaintiff made numerous complaints about CO Bell to the MCCF's warden, but her complaints went unanswered.  *Id.* at 13 ¶ 40.

This matter was originally filed in the Superior Court of New Jersey.  *Id.* at 2 ¶ 1.  Plaintiff brought claims against Defendants for violation of the New Jersey Civil Rights Act ("NJCRA"),

---

[2] Defendants attached the Complaint as Exhibit A to the notice of removal.  *See* D.E. 1 at 6-22. The notice of removal is set forth in a series of numbered paragraphs.  The series restarts at the beginning of the Complaint.  For the sake of clarity, when citing to the Complaint, the Court provides both the page number and paragraph numbers.

N.J. Stat. Ann. § 10:6-2, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.*, and a 42 U.S.C. § 1983 claim against the County Defendants.  *Id.* at 16 ¶ 58-20 ¶ 82.  Defendants removed the case to this Court on the basis of federal question jurisdiction. *Id.* at 3 ¶ 8.

Defendants have moved to dismiss, arguing that Plaintiff's claims are barred by the statute of limitations and that Plaintiff unsuccessfully invokes the doctrine of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), against the County Defendants.  D.E. 7; D.E. 8; D.E. 9.  Plaintiffs filed opposition, to which Defendants replied.  Opp'n; Cnty. Defs. Reply; Corrente Reply; Rochford Reply.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.

III.     ANALYSIS

1.  **Statute of Limitations for a § 1983 Claim**

The County Defendants contend that Count III, asserting a 42 U.S.C. § 1983 claim, should be dismissed because it is barred by the statute of limitations.  Cnty. Defs. Br. at 9.  The statute of limitations is an affirmative defense not normally decided on a motion to dismiss.  *See Crump v. Passaic County*, 147 F. Supp. 3d 249, 259 (D.N.J. 2015).  However, "where the complaint facially shows noncompliance with the limitations period," dismissal on statute of limitations grounds may be appropriate.  *Id*.

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal injury torts."  *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).  In New Jersey, personal injury torts have a two-year statute of limitations.  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (discussing N.J. Stat. Ann. § 2A:14-2).  Federal law, however, governs the date when a Section 1983 claim accrues and when the statute of limitations begins to run.  *Nguyen*, 906 F.3d at 273.  "A claim accrues when the last act needed to complete the tort occurs."  *Id.*

The acts alleged against Defendants began in 2008 and ended, at the latest, nine years ago in 2013 when Plaintiff was transferred to another facility.  Compl. at 14 ¶ 54.  While this falls outside of the typical New Jersey two-year personal-injury statute of limitations, Plaintiff argues that the New Jersey Legislature expanded the statute of limitations for her claims by enacting New Jersey Senate Bill 477 ("S477").  Opp'n. at 9.

S477 was enacted to "extend the statute of limitations in civil actions for sexual abuse claims[.]"  N.J. S. Jud. Comm. Statement to S.B. No. 477, at 1 (Mar. 7, 2019).[3]  For adult sexual

---

[3] Plaintiff attaches this legislative history to her Opposition at D.E. 12-5.

4

abuse victims, S477 lengthened the statute of limitations to file a civil suit from two years to seven years.  *Id.* at 4.  Additionally, S477 provided a two-year statutory window for victims of sexual abuse to file a civil suit, even if that claim had previously been time-barred.  *Id.* at 7.

Plaintiff argues that although her claims do not fall within the amended statute of limitations of seven years, she can bring her claims because they were filed within this two-year statutory window.  Opp'n at 1.  Defendants argue that the two-year statutory window was only intended to apply to child victims of sexual abuse, and that because Plaintiff's claims do not fall within the amended seven-year statute of limitations for adult victims, her claims are time-barred. Cnty. Defs. Reply at 1; Corrente Reply at 2; Rochford Reply at 7.

Another court in this District addressed a similar argument in *Gavin v. Board of Education, South Orange-Maplewood School District*, No. 20-cv-09191, 2021 WL 1050364 (D.N.J. Mar. 18, 2021).  In *Gavin*, the plaintiffs also argued that S477's amendment to the statute of limitations in sexual abuse cases applied to their Section 1983 claim.  *Id.* at *3.  The court disagreed and found that "that New Jersey's two-year limitations period continues to apply to Gavin's federal claims, despite New Jersey's subsequent enactment of a longer period for sexual assault claims[.]"  *Id.* at *5.  The *Gavin* court acknowledged that no other court had construed S477 in any context.  *Id.* at *4.  But, quoting the Supreme Court, the court in *Gavin* said that "where state law provides multiple statutes of limitations for personal injury actions, courts . . . should borrow the general or residual statute for personal injury actions."  *Id.* at *5 (alteration in original) (quoting *Owens v. Okure*, 488 U.S. 235, 249 (1989)).  The weight of authority from the Circuit Courts of Appeals follows the same interpretation.  *Gavin*, 2021 WL 1050364, at *4 (collecting cases).  As a result, the court in *Gavin* held that the Section 1983 claim was barred by statute of limitations.  *Id.* at *5.

The Court finds *Gavin* persuasive—particularly its application of Supreme Court precedent—and adopts its reasoning.  Although *Gavin* involved a minor and Plaintiff is an adult, the Court finds this difference to be immaterial in light of *Owens*'s holding that the state's generally applicable statute of limitations for personal injuries applies to claims brought under Section 1983.  488 U.S. at 243-50.  As a result, the statute of limitations for Plaintiff's federal claim began to run in 2013 at the latest, as that was when the last incidents occurred.  Compl. at 14 ¶ 54.  Under New Jersey's statute of limitations for personal injury claims, N.J. Stat. Ann. § 2A:14-2, Plaintiff had two years, or until some point in 2015, to assert her federal claim.  The Complaint was filed in New Jersey state court on November 18, 2021, far beyond the expiration date of the statute of limitations.  As a result, the statute of limitations defense is clear on the face of the Complaint and Count III of the Complaint is dismissed as untimely.

## 2.  Supplemental Jurisdiction

To adjudicate a case, a federal court must have either federal question or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332; *see also Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011).  Here, the parties are not diverse.  *See* Compl. at 2 ¶ 3-3 ¶ 10 (alleging that all parties are citizens of New Jersey).  Instead, as noted above, the Court's federal question jurisdiction is based on Plaintiff's Section 1983 claim.  *See Rockefeller*, 424 F. App'x at 83.  This Court has supplemental jurisdiction over Plaintiff's state law claims by virtue of 28 U.S.C. § 1367(a).

28 U.S.C. § 1367(a) confers district courts with supplemental jurisdiction over "claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  28 U.S.C. § 1367(c), however, gives district courts discretion to decline to hear claims they would otherwise have supplemental jurisdiction to

6

entertain.   Section 1367(c)(3) provides in part that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  While the determination of whether to decline supplemental jurisdiction under § 1367(c)(3) is discretionary, "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised where there is no longer any basis for original jurisdiction." *Shaffer v. Twp. of Franklin*, No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010); *see also Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court.").

Because Plaintiff's Section 1983 claim is dismissed, the Court no longer has subject-matter jurisdiction.  As a result, the Court does not reach any issues concerning counts over which it exercises supplemental jurisdiction and will remand the remaining claims to state court.  *See Harrington v. Northfield Bd. of Educ.*, No 21-04990, 2022 WL 844427, at *7 (D.N.J. Mar. 22, 2022) (remanding state-law claims to state court after dismissing federal claims and declining supplemental jurisdiction under 28 U.S.C. § 1363(c)(3)).

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED in part and DENIED in part.**  Defendants' motions are granted as to Count III of the Complaint and are otherwise denied.  This matter shall be **REMANDED** to New Jersey Superior Court.  An appropriate order accompanies this Opinion.

Dated: July 13, 2022

John Michael Vazquez, U.S.D.J.